# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-525-SLP |
| ) | |
| LIZBETH SAENZ LONGORIA, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Defendant's pro se Motion to Reduce Sentence [Doc. No. 33]. Defendant seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 36] and opposes the requested relief. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 34]. For the reasons that follow, Defendant's Motion to Reduce Sentence is DISMISSED.

## I. **Background**

On January 25, 2023, Defendant pleaded guilty to aiding or assisting in the preparation and presentation of a false return, in violation of 26 U.S.C. § 7206(2). *See* Doc. Nos. 1, 7–11. On June 8, 2023, the United States Probation Office filed its Final Presentence Investigation Report (PSR). Doc. No. 15. The PSR calculated a base offense level of 18 and included a two-level enhancement because Defendant was in the business of preparing or assisting in the preparation of tax returns. *Id.* ¶¶ 21–22. The PSR calculated

an adjusted offense level of 20. *Id*. ¶ 26. Defendant received a three-level reduction for acceptance of responsibility. *Id*. ¶¶ 28–29. The resulting total offense level was 17. *Id.* ¶ 30.

The PSR calculated a total criminal history score of one. *Id*. ¶ 35. Defendant did not receive any status points for committing the offense while under a criminal justice sentence. Defendant's criminal history score placed her in a criminal history category of I. *Id*. ¶ 36. Combining Defendant's total offense level of 17 and criminal history category of I, the PSR recommended a sentence of 24 to 30 months' imprisonment. *Id*. ¶ 87.

On July 28, 2023, the Court adopted the PSR without change and sentenced Defendant to 15 months' imprisonment. Doc. No. 21, 22. The Court entered an amended judgment on August 31, 2023 [Doc. No. 27], and a second amended judgment on October 11, 2023, both extending Defendant's time to surrender.

On March 14, 2024, Defendant filed the pending Motion. She seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821.

## II.     Governing Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560

U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in the offense level if he or she meets all ten of the listed criteria.[1]

---

[1] Those ten criteria are:
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

### III. <u>Analysis</u>

As set forth, Defendant had a total of one criminal history point. PSR ¶ 35. And she did not receive any status points for committing the offense while under a criminal justice sentence. Thus, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) because Defendant is not eligible under either Part A or Part B of Amendment 821.

### IV. <u>Conclusion</u>

For the reasons set forth, the Court lacks jurisdiction to reduce Defendant's sentence. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

IT IS THEREFORE ORDERED that Defendant's pro se Motion to Reduce Sentence [Doc. No. 33] is DISMISSED.

IT IS SO ORDERED this 25th day of October, 2024.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).