IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                        )<br>            Plaintiff,                          )<br>                                                        )<br>v.                                                     )          Case No. CR-22-525-SLP<br>                                                        )<br>LIZBETH SAENZ LONGORIA,      )<br>                                                        )<br>            Defendant.                       )| |

**O R D E R**

Before the Court is Defendant's letter, which the Court construes as a Motion for Early Termination of Supervised Release [Doc. No. 40]. The Government has Responded to the Motion [Doc. No. 44] and objects to the requested relief.

Defendant pled guilty to aiding or assisting in the preparation and presentation of a false return, in violation of 26 U.S.C. § 7206(2). [Doc. Nos. 1, 7–11]. Defendant was sentenced to a term of imprisonment of 15 months, followed by a term of supervised release of one year. The Court entered an amended judgment on August 31, 2023 [Doc. No. 27], and a second amended judgment on October 11, 2023 [Doc. No. 32], both extending Defendant's time to surrender. Defendant's term of supervised release commenced on November 29, 2024, and is currently set to expire on November 28, 2025.

In support of her request, Defendant states that she should be granted early termination so that she can "attend a significant professional development seminar in Dallas, Texas, which will assist [her] in achieving [her] career goals and allow [her] to better fulfill her financial obligations." Mot. [Doc. No. 40]. Defendant further details her

progress since release. She notes that she has "fully complied with all conditions of supervision" and is committed to "personal rehabilitation and professional development." Mot. [Doc. No. 40] at 1. She states that she is in the process of renewing a life insurance license and pursuing financial stability through rebuilding her career. *Id*.

The Government opposes early termination on two grounds. Resp. [Doc. No. 44] at 2. First, the Government asserts that Defendant has not completed at least one year of supervised release, rendering her ineligible for early termination pursuant to 18 U.S.C. § 3553. *Id.* Second, the Government opposes early termination because Defendant has not articulated a sufficient basis upon which to show that remaining on supervision will present an obstacle to her continued progress. *Id.* Indeed, the Government's response represents that Officer Regier, Defendant's Probation Officer, apparently advised Defendant that her request to travel to the Dallas seminar would likely be approved so long as Defendant provides advanced notice for the request. *Id.*

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant *at any time after expiration of one year of supervision* if, after considering certain factors under 18 U.S.C. § 3553, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See* 18 U.S.C. § 3583(e)(1); *see also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

Upon consideration of Defendant's Motion, the information provided by the Government, and the authority set forth in § 3553, the Court finds that early termination of Defendant's term of supervised release is not warranted. Primarily, the Court agrees that Defendant is ineligible for early termination under Section 3553, and it does not appear

that her supervision has adversely impacted her progress. While the Court is certainly encouraged by the many positive achievements of Defendant and commends her progress, the Court finds early termination of Defendant's supervised release is not warranted at this time.

IT IS THEREFORE ORDERED that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 40] is **DENIED**.

IT IS SO ORDERED this 5th day of June, 2025.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE